ORTIZ & ORTIZ, L.L.P.
32-72 Steinway Street, Ste. 402
Astoria, New York  11103
Norma E. Ortiz
Tel. (718) 522-1117
Fax (718) 596-1302
email@ortizandortiz.com
*Attorneys for the Debtor*


UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------X
In re:

HELEN PARDO DE FIGUEROA,                    Case No.19-44421-ess

                      Debtor.                    Chapter 13
---------------------------------------------------------X

**DEBTOR'S MOTION TO CONTINUE THE AUTOMATIC STAY**
**PURSUANT TO 11 U.S.C. § 362(c)**

TO:    THE HONORABLE ELIZABETH S. STONG,
         UNITED STATES BANKRUPTCY JUDGE

        Helen Pardo de Figueroa (the "Debtor"), by and through her attorneys Ortiz & Ortiz, L.L.P., hereby states as follows:

**Background**

        1.     The Debtor filed a Chapter 7 petition *pro se* on February 28, 2019, that was dismissed because of her failure to prosecute the case.  She subsequently filed the instant Chapter 13 case on July 19, 2019, without the assistance of counsel.  The Debtor first conferred with my firm on August 9th.

        2.     The Debtor has an unusual case, and the undersigned does not possess all of the records necessary to fully determine if there is a likelihood of her reorganization.  However, the Debtor is a 77 year old woman and does not speak English.  She filed her petition to stop the sale

of her home by her 83 year old ex-husband. He obtained a default judgment against her without her knowledge and has sought to compel the sale of the Debtor's home. The Debtor did not learn of the entry of the judgment until she was informed of the auction sale. See annexed Declaration of Helen Pardo de Figueroa. The Debtor would like the opportunity to determine how to address the judgment and her credit card debt and would like to determine if she can save her home.

### Relief Requested

3.  The Debtor requests that the Court continue the automatic stay as to all of her creditors as it applies to her individually and her property. Section 362(c)(3)(A) provides in relevant part that if a case is filed by a debtor, and if a case of the debtor was pending within the preceding one year period but was dismissed, the automatic stay with respect to any action taken with respect to a debt or property securing such debt shall terminate with respect to the debtor on the 30th day after the filing of the later case. The Court may continue the automatic stay pursuant to a motion if that motion is made returnable within the thirty day period following the bankruptcy filing and the Debtors "demonstrate that the filing of the later case is in good faith as to the creditors to be stayed". 11 U.S.C. § 362(c)(3)(B).

4.  Section 362(c)(3)(C) establishes a presumption that a case was not filed in good faith if, among other things, the debtor in the previous bankruptcy case failed to file or amend its petition or other documents as required by the Bankruptcy Code or the Court without substantial excuse. 11 U.S.C. § 362(c)(3)(C). The presumption of bad faith "may be rebutted by clear and convincing evidence to the contrary". Id. The Debtor does not believe that she engaged in the conduct prohibited by this section, and asserts it does not apply in this case.

5.  If the factors establishing a presumption of bad faith are not present in a case, the

Bankruptcy Code does not define the factors that would support a good faith filing under Section 362(c)(3)(B). One court defined the factors as follows:

> Courts have also created a test to assess good faith under § 362(c)(3) in the context of a motion to reimpose the automatic stay. The factors have included (1) whether the debtor misrepresented facts in the petition; (2) the debtor's history of filings and dismissals; (3) whether the debtor only intended to defeat state court litigation; and (4) whether egregious behavior is present. Good faith requires "honesty of intention" by the debtor in question.

In re Ajunwa, 2012 Bankr. LEXIS 4096, at *15 (Bankr. S.D.N.Y. Sep. 4, 2012) (citing In re Montoya, 342 B.R. 312, 317 (Bankr. S.D. Cal. 2006)).

6. The circumstances of this case support a finding that this second filing was not filed in bad faith under either Section 362(c)(3) (B) or (C). The Debtor is an elderly woman that has proceeded without the assistance of bankruptcy counsel and she did not misrepresent facts in her petition. The Debtor did not solely file her case to avoid state court litigation and did not engage in any egregious behavior that warrants a finding of bad faith or a finding that she harbors any dishonest intention.

7. For these reasons, the Debtor asserts that the Court should find a continuation of the stay is warranted in this case, and should grant the relief requested and reimpose the stay for the duration of her case.

**WHEREFORE**, the Debtor respectfully requests that the Court grant the relief requested

herein and grant such other and further relief as is just.

Dated:  Astoria, New York
         August 12, 2019

*S/Norma E. Ortiz*
Norma E. Ortiz
Ortiz & Ortiz, L.L.P.
32-72 Steinway Street, Ste. 402
Astoria, NY  11103
Tel. (718) 522-1117

**Debtor's Declaration**

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
In re:

HELEN PARDO DE FIGUEROA,                    Case No. 19-44421

                Debtor.                    Chapter 13
-----------------------------------------------------------x

## DECLARATION OF CHANGED CIRCUMSTANCES

Helen Pardo de Figueroa, being duly sworn, hereby declares as follows:

1. Late last year, I received a call and was told my home was up for auction. I had absolutely no idea that a sale of my home was scheduled. My ex-husband sued me for partition, but I was not informed that he obtained a judgment against me. When I called my former lawyer, M. Malave, to find out what had happened, I learned that she failed to appear at an inquest, failed to inform me of the inquest, and that a default judgment had been entered against me for a grossly inflated amount.

2. I immediately hired attorney A. Johnson, who brought an Order to Show Cause in state court, and then withdrew it. He has not spoken to me and has not explained why. I subsequently retained R. Lasalle, who took a retainer from me, reviewed the file, and told me he could not take my case. He did not explain to me why.

3. I am 77 years old and I do not speak English. I called M. Malave for help, and she instructed her paralegal to help me prepare a bankruptcy case. On February 28, 2019, I filed a Chapter 7 petition. I did not know what I was supposed to do, and did not appear at my meeting of creditors or file the requisite documents. My case was dismissed On April 26, 2019.

4. I filed a Chapter 13 case without an attorney on July 19, 2019. I asked my local

assembly woman for a recommendation for a bankruptcy lawyer, and on August 9th, 2019, she recommended Ortiz & Ortiz LLP. I met with the firm that same day, and retained the firm on August 12, 2019.

5. I believe that I can properly prosecute my case with the firm's assistance. I do not have a mortgage on my home. I am hoping that the firm can assist me in negotiating a settlement with my ex-husband so that I may remain in my home. I also have credit card debt that I would like to address in this case.

I declare the foregoing is true under penalty of perjury.

Dated: Astoria, New York
August 12, 2019

*Helen V. Figueroa*
Helen Pardo de Figueroa

**Proposed Order**

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------X

In re:

HELEN PARDO DE FIGUEROA,                    Case No.19-44421-ess

                Debtor.                    Chapter 13

--------------------------------------------------------X

### ORDER GRANTING DEBTOR'S MOTION TO CONTINUE THE AUTOMATIC STAY PURSUANT TO 11 U.S.C. § 362(c)

Upon the motion (the "Motion") of the debtor Helen Pardo de Figueroa (the "Debtor") for an order, pursuant to 11 U.S.C. § 362(c)(3)(B), continuing the automatic stay; and upon the record of the hearing held on _____,2019 at which Debtor appeared by counsel; no objections having been interposed; and good cause appearing therefor; it is hereby

**ORDERED**, that the Motion is granted as follows,

**ORDERED**, that the automatic stay, imposed by operation of 11 U.S.C. § 362(a), is hereby extended as to all creditors, pursuant to § 362(c)(3)(B), until the Debtor's case is dismissed or closed by the court.

Dated: Brooklyn, New York
        August ____, 2019

                                                                     _____
                                                                     HON. ELIZABETH S. STONG
                                                                     U.S. BANKRUPTCY JUDGE