ORTIZ & ORTIZ, L.L.P.
32-72 Steinway Street, Ste. 402
Astoria, New York 11103
Norma E. Ortiz
Tel. (718) 522-1117
Fax. (718) 596-1302
email@ortizandortiz.com
*Attorneys for the Debtor*

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------X
In re

HELEN PARDO DE FIGUEROA,                                    Case No.19-44421-ess

                                        Debtor.            Chapter 11
--------------------------------------------------------X

**APPLICATION FOR AN EX PARTE ORDER SHORTENING NOTICE PERIOD,
FIXING METHOD OF SERVICE, AND SCHEDULING HEARING ON THE
DEBTOR'S MOTION FOR AN ORDER TO CONTINUE THE AUTOMATIC STAY
<u>PURSUANT TO 11 U.S.C. § 362(c)</u>**

TO:    THE HONORABLE ELIZABETH S. STONG,
       UNITED STATES BANKRUPTCY JUDGE

       Helen Pardo de Figueroa (the "Debtor"), by and through her attorneys Ortiz & Ortiz,

L.L.P., hereby moves under 11 U.S.C. § 105(a), Federal Rule of Bankruptcy Procedure Rule

9006(c), and Rule 9077-1(c) of the Local Bankruptcy Rules for the Eastern District of New York

("Local Rules"), for the entry of an ex parte order shortening the notice period and scheduling a

hearing on the Debtor's Motion for an Order Continuing the Automatic Stay Pursuant to 11

U.S.C. § 362(c) (the "Motion").  In support, the Debtor states as follows:

## <u>BACKGROUND</u>

       1.      The Debtor filed Chapter 7 case *pro se* on February 28, 2019, that was dismissed

because of her failure to prosecute the case.  She subsequently filed the instant Chapter 13 case

on July 19, 2019, without the assistance of counsel.  The Debtor first conferred with my firm on

August 9th.  She is an elderly and infirm woman; she does not speak English.

     2.     The Debtor owns a home that is not encumbered by a mortgage.  However, her

ex-husband obtained a default judgment against her in a partition action.  The Debtor did not

learn of the judgment until someone informed her that her home was about to be auctioned.

     3.     Upon information and belief, the Debtor is a victim of legal malpractice.  Her

prior counsel did not appear and defend against the inquest when the judgment sought by the

Debtor's ex-husband was obtained.  The Debtor appears to have a regular source of income, and

collects rental income from her two family home.  She seeks the opportunity to attempt to

reorganize her affairs under Chapter 13 of the Bankruptcy Code.

     4.     Because this is the Debtor's second filing in one year, she must obtain the entry of

an order continuing the automatic stay on or before Monday, August 19, 2019.

### RELIEF REQUESTED

     5.     The Debtor requests that the Court enter the proposed order shortening the notice

period required for the Motion, fix the method of service, and schedule a hearing on the Motion

on or before August 30, 2019.  Fed. Rule of Bankr. Proc. 2002 provides generally for 17 days

notice of motions such as the Motion.  However, the applicable time period may be modified by

court order.  Id.  Bankruptcy Code Section 105(a) provides that the Court, "may issue an order . .

. necessary or appropriate to carry out the provisions of [the Bankruptcy Code.] 11 U.S.C. §

105(a).  Shortening the notice period for a motion is also expressly contemplated in and

permitted by Local Rule 9077-1(c).  E.D.N.Y. Local Bankruptcy Rule 9077-1.

     6.     For the reasons set forth in the Motion, the Debtor believes the Court should

reimpose the stay and permit her the opportunity to attempt to reorganize her affairs.  The Debtor

requests that the Court authorize her to serve the Motion and the order shortening time by

overnight mail, electronic mail, or facsimile transmission to (1) all secured creditors; (2) the

Office of the U.S. Trustee; and (3) all parties who filed a notice of appearance.  The Debtor seeks

permission to provide notice to all other parties in interest by regular mail and electronic mail or

facsimile transmission, if available.   For the reasons stated herein, and in the Motion, it is

respectfully submitted that such notice should be deemed adequate under the circumstances of

this case.

7.      No previous application for relief requested herein has been made to this or any

other court.

**WHEREFORE**, the Debtor respectfully requests that the Court grant the relief requested

herein and grant such other and further relief as is just.


Dated: Astoria, New York
            August 13, 2019

  _/s/Norma E. Ortiz_____
Norma E. Ortiz
Ortiz & Ortiz, L.L.P.
32-72 Steinway Street, Ste. 402
Astoria, NY 11103
Tel. (718) 522-1117
*Attorneys for the Debtor*

**DECLARATION OF NORMA E. ORTIZ**

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

In re

HELEN PARDO DE FIGUEROA,                          Case No.19-44421-ess

                              Debtor.              Chapter 11

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

### DECLARATION OF NORMA E. ORTIZ PURSUANT TO LBR 9077-1

Norma E. Ortiz hereby declare as follows:

1.       I am the first bankruptcy lawyer that the Debtor has spoken to about her case.

She was assisted by a paralegal when she filed her two bankruptcy cases.  She did not know that

she needed to seek an order reimposing or continuing the stay until she spoke to me on August

9th.  She retained my firm on August 11th.

2.       The Debtor does not have enough time to notice a motion unless the Court

shortens the amount of time needed for notice of a hearing.

3.       No prior request for relief of this nature has been requested by the Debtor.

I hereby declare that the foregoing statements made by me are true to the best of my

knowledge and belief.  I am fully aware that if any of the foregoing statements are willfully false,

I am subject to punishment.

Dated: August 13, 2019
       Astoria, New York

                                        _/s/Norma E. Ortiz_____
                                        Norma E. Ortiz

**PROPOSED ORDER**

ORTIZ & ORTIZ, L.L.P.
32-72 Steinway Street, Ste. 402
Astoria, New York 11103
Norma E. Ortiz
Tel. (718) 522-1117
Fax. (718) 596-1302
email@ortizandortiz.com
*Attorneys for the Debtor*

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
In re

HELEN PARDO DE FIGUEROA,                              Case No.19-44421-ess


                          Debtor.              Chapter 11
-------------------------------------------------------X

### EX PARTE ORDER SCHEDULING HEARING ON DEBTOR'S MOTION TO CONTINUE THE AUTOMATIC STAY PURSUANT TO 11 U.S.C. § 362(c)

Upon the Motion ("Motion") of Helen Pardo de Figueroa (the "Debtor") dated August 13, 2019, for the entry of an order, pursuant to 11 U.S.C. §362(c), to continue the automatic stay, the supporting Declaration of Norma E. Ortiz dated August 13, 2019, the Debtor's Application for an order fixing method of service and shortening the notice period for a hearing on the Motion (the "Application"); and it appearing that sufficient grounds have been established by the Debtor to warrant the relief sought in the Application, and that entry of this Order is necessary and appropriate in accordance with Local Rule 9077-1, it is

**ORDERED,** that a hearing on the Debtor's Motion is scheduled for August _____, 2019, at _____, or as soon thereafter as counsel can be heard (the "Hearing"), why the relief requested in the Motion should not be granted; and it is further

**ORDERED,** that the Debtor shall serve a copy of this Order and the supporting papers by

electronic mail and facsimile transmission to (1) all of the Debtor's secured creditors and (2) the Office of the U.S. Trustee, and (3) all parties who filed a notice of appearance no later than August ___, 2019; and it is further

**ORDERED**, that the Debtor shall serve all other known creditors by regular mail and electronic mail or facsimile transmission, if email or facsimile numbers are available; and it is further

**ORDERED**, that such service shall be adequate and sufficient notice of the Motion and the Hearing; and it is further

**ORDERED,** that objections, if any, to the relief requested in the Motion shall be in writing, shall conform to the Bankruptcy Code, the Bankruptcy Rules and Local Rules of the Bankruptcy Court, and must be filed and served by electronic mail upon (i) Norma E. Ortiz, Esq., Debtors' counsel, with a copy to delivered to the Chambers of Elizabeth S. Stong no later than August ___, 2019, at 5:00 p.m.; and it is further

**ORDERED,** that sufficient grounds have been shown for a reduction of time for notice of consideration of the Motion under Fed. R. Bankr. Proc. 9006(c) and for granting the relief requested; and it is further

**ORDERED,** that the Debtor is authorized and empowered to take all actions necessary to implement the relief granted in this order.