**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK (Brooklyn)**

In re:

Helen Pardo De Figueroa
aka Flora E Claros
aka Flora Calderon,

Debtor.

Chapter 13

Case No. 19-44421-ess

## NOTICE OF SETTLEMENT

**TO THE CLERK OF THE BANKRUPTCY COURT**

    **PLEASE TAKE NOTICE** that that an Order of which the within is a true copy will be presented for settlement to the Honorable Elizabeth S. Stong, U.S. Bankruptcy Judge, at the United States Bankruptcy Court, 271-C Cadman Plaza East, Courtroom 3585, Brooklyn, NY 11201on November 5, 2019, at 9:30AM.

Dated: October 29, 2019
      Nassau, New York

**DAVID A. GALLO & ASSOCIATES LLP**
Attorneys for Movant
By: */s/ Robyn E. Goldstein, Esq.*
    Robyn E. Goldstein, Esq.
99 Powerhouse Road- First Floor
Roslyn Heights, NY 11577
Telephone Number: (516) 583-5330
Facsimile: (516) 583-5333

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK (Brooklyn)**

In re:

Helen Pardo De Figueroa
aka Flora E Claros
aka Flora Calderon,

Debtor.

Chapter 13

Case No. 19-44421-ess

**ORDER PURSUANT TO 11 U.S.C. § 362(d)**
**MODIFYING THE AUTOMATIC STAY IMPOSED BY 11 U.S.C. § 362(a)**

Upon the motion, dated September 16, 2019 (the "Motion"), Modesto A. Claros ("Movant") for an order, pursuant to section 362(d) of title 11 of the United States Code (the "Bankruptcy Code") vacating the automatic stay imposed in the above-captioned case by section 362(a) of the Bankruptcy Code as to the Creditor's interests in 108-24 41st Avenue, Corona, NY 11368 (the "Property") to allow the Creditor's enforcement of its rights in, and remedies in and to, the Property; and due and proper notice of the Motion having been made on all necessary parties; and the Court having held a hearing on the Motion on October 28, 2019; and there being no opposition to the Motion, and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing, it is hereby

ORDERED that the Motion is granted as provided herein; and it is further

ORDERED that the automatic stay imposed in this case by section 362(a) of the Bankruptcy Code is vacated under section 362(d) of the Bankruptcy Code as to the Creditor's interests in the Property to allow the Creditor's enforcement of its rights in, and remedies in and to, the Property; and it is further

ORDERED that the Creditor shall promptly report and turn over to the chapter 13 trustee any surplus monies realized by any sale of the Property.

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK (Brooklyn)**

In re:

Helen Pardo De Figueroa
aka Flora E Claros
aka Flora Calderon,

Debtor.

Chapter 13

Case No. 19-44421-ess

# CERTIFICATE OF SERVICE BY MAIL

STATE OF NEW YORK COUNTY OF NASSAU SS.:

I, the undersigned, being duly sworn, say: I am not a party to the action, am over 18 years of age and reside in East Meadow, New York.

On **October 29, 2019** I served the within **NOTICE OF SETTLEMENT**, by mailing a copy to each of following persons at the last known address as set forth below:

TO:

*Debtor*
**Helen Pardo De Figueroa**
108-24 41 Avenue
Corona, NY 11368

**Norma E Ortiz**
Ortiz & Ortiz LLP
32-72 Steinway Street
Suite 402
Astoria, NY 11103

*/s/Catherine Galiano*
Catherine Galiano

Sworn to before me this 29th day of October, 2019

*/s/Robyn E. Goldstein*
Notary Public, State of New York
No. 02G06380368
Qualified in Queens County
Commission Expires September 4, 2022